Kurt Ramlo (Bar No. CA 166856)
kurt.ramlo@dlapiper.com
Bertrand Pan (Bar No. CA 233472)
bertrand.pan@dlapiper.com
Meredith Edelman (Bar No. CA 261602)
meredith.edelman@dlapiper.com
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
Tel: 213.330.7700
Fax: 213.330.7701

Proposed Attorneys for NexPrise, Inc., Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NEXPRISE, INC., a Delaware corporation,<br><br>        Debtor and Debtor in Possession.<br><br>Tax ID # 77-0465496 | CASE NO. 11-00742-11<br><br>Chapter 11<br><br>**Notice of First Day Motion and First Day Motion By Debtor For Order Limiting Scope of Notice**<br><br>Date:    TBD<br>Time:    TBD<br>Ctrm:    Department 2, Room 118<br>          325 W. F Street<br>          San Diego, CA 92101<br>Judge:   Hon. Louise D. Adler |

**TO THE HONORABLE LOUISE D. ADLER, UNITED STATES BANKRUPTCY JUDGE, SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, AND THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that: in accordance with Sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"); Rules 1007(d), 2002(i), 2002(m), 6004, 6006, 9006, 9013, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure, Rule 9014-5 of the Local Bankruptcy Rules For The Southern District Of California ("Local Bankruptcy Rules"), and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules,

-1-

NexPrise, Inc., debtor and debtor in possession in this case (the "Debtor") submits this Notice of First Day Motion and First Day Motion By Debtor For Order Limiting Scope of Notice (the "Motion to Limit Notice").

As required by paragraph 1 of the Court's Guidelines for First Day Motions, the Debtor has served written pleadings on parties or counsel for parties in interest, including the United States Trustee, any committee of creditors or equity security holders established prior or subsequent to the chapter 11 filing or, if none, the twenty largest unsecured creditors and any secured creditor whose collateral includes cash collateral or whose lien(s) might be affected by the relief sought, and service was made by facsimile, personal service or other electronic means (by consent) provided, however, that Express or Overnight Mail was used where the Debtor was unable to notify by facsimile, personal service or other electronic means.

This Motion to Limit Notice is based upon the accompanying Memorandum of Points and Authorities, the Declaration of John Lynch in Support of First Day Motions filed concurrently with this Motion to Limit Notice, arguments of counsel, and other admissible evidence properly before this Court at or before the hearing on this Motion to Limit Notice. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case.

This is a First Day Motion filed in accordance with Appendix D1 of the Local Bankruptcy Rules. As required by the Guidelines For First Day Motions in Appendix D1 of the Local Bankruptcy Rules, any party in interest who opposes this First Day Motion to Limit Notice shall immediately notify the Judge's law clerk of its position by telephone At (619) 557-5623. No written opposition shall be filed to this First Day Motion to Limit Notice unless the court directs. Please note that the failure to notify the Court of opposition to this Motion to Limit Notice may be deemed to be consent to the relief requested, and the relief may be granted without further notice or a hearing.

| | |
|---|---|
| Dated:  January 18, 2011 | DLA PIPER LLP (US)<br><br>By  /s/ Kurt Ramlo<br>   Kurt Ramlo<br>   Proposed Attorneys for NexPrise, Inc. |

-3-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE

This Court has jurisdiction over this matter based on 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). The venue of this chapter 11 case is proper under 28 U.S.C. §§ 1408 and 1409 because the Debtor's corporate headquarters are located in the County of San Diego, California. The statutory predicates for the relief this Motion to Limit Notice seeks are sections 102(1) and 105(a) of the Bankruptcy Code, Rules 1007(d), 2002, 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Court's Guidelines for First Day Motions in Appendix D1 of the Local Bankruptcy Rules For The Southern District Of California ("<u>Local Bankruptcy Rules</u>").

## II. FACTUAL BACKGROUND

A detailed summary of the Debtor's business, financial and operational history and a description of the facts leading up to the Chapter 11 filing are set forth in the Declaration of John Lynch Filed in Support of First Day Motions (the "<u>Lynch Declaration</u>") filed concurrently herewith.

## III. SERVICE-RELATED BURDENS TO DEBTOR

Requiring the Debtor to provide notice and service of every pleading to more than 100 creditors will substantially increase the cost of administering the Debtor's estate without conferring any meaningful benefit. In addition to these 100 parties, the Debtor may identify additional creditors and anticipates that various other parties may make claims against its estate. The Debtor respectfully submits that limiting the scope of notice, as proposed in this Motion to Limit Notice, will avoid unnecessary administrative burdens and costs of serving notice of all pleadings, while assuring that the interested parties in this case receive proper and sufficient notice of all matters.

## IV. RELIEF REQUESTED

The Debtor requests that the Court enter an order in substantially the form and substance as Exhibit "A" attached to – and incorporated in – this Motion to Limit Notice by this reference authorizing the Debtor to limit the scope and manner of all notices, motions, or applications for

the matters listed below to: (1) the Office of the United States Trustee; (2) counsel for any official unsecured creditors committee appointed in this chapter 11 case, or until such time as counsel is named, members of the committee, or until such time as a committee is appointed, the creditors appearing on the list of the twenty largest unsecured creditors filed in accordance with Bankruptcy Rule 1007(d); (3) any creditors asserting secured claims; (4) parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002; (5) U.S. Bank, N.A. as Trustee for 6% Convertible Subordinated Notes Due 2007 and its counsel; (6) Trubiquity, Inc. and its counsel; and (7) any party with a specific pecuniary interest of which the Debtor is aware with respect to a particular filing:

    a) any proposed use, sale or lease of property of the estate other than in the ordinary course of business pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004;

    b) any proposed assumption, rejection, or assumption and assignment of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or Bankruptcy Rule 6006(a) or (c);

    c) any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code or Bankruptcy Rule 3016;

    d) any proposed approval or compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

    e) any proposed abandonment or disposition of property of the estate and the hearing, if any, thereon, pursuant to section 554 of the Bankruptcy Code or Bankruptcy Rule 6007(a) or (c);

    f) any proposed modification of the automatic stay pursuant to section 362 of the Bankruptcy Code or Bankruptcy Rules 4001(a) or 9014;

    g) any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

    h) any proposal to obtain credit on a secured basis or out of the ordinary course of business or grant a lien pursuant to section 364 of the Bankruptcy Code or Bankruptcy Rule 4001(b) or (c);

    i) any proposed agreement relating to relief from the automatic stay, prohibiting or conditioning the use, sale or lease of property, providing adequate protection, use of cash collateral and obtaining credit pursuant to sections 361, 362, 363, or 364 of the Bankruptcy Code or Bankruptcy Rule 4001(d);

    j) any proposed application for employment of professionals pursuant to

DLA Piper LLP (US)
Los Angeles

WEST\222863651.3

Case No. 11-00742-11

**FIRST DAY MOTION TO LIMIT NOTICE**

sections 327, 1103, and/or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

k) any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code or Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005 and compensation to debtors' insiders pursuant to Local Bankruptcy Rule 4002-2;

l) any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 and 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

m) any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3012;

n) any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

o) any proposed valuation of security pursuant to section 506 of the Bankruptcy Code or Bankruptcy Rule 3012;

p) any proposed redemption of property from lien or sale pursuant to Bankruptcy Rule 6008; and

q) any hearing on any contested matter in this case that requires notice to creditors pursuant to the Bankruptcy Code, Bankruptcy Rule 9014 or the Local Rules.

As required by Bankruptcy Rule 2002, the Debtor is prepared to provide notice to all creditors with respect to any hearings on its proposed disclosure statement and confirmation of its plan of reorganization, and any other actions requiring notice that are described in Bankruptcy Rule 2002(a)(4), (5), and (7).

V.    **LEGAL ARGUMENT**

   A.    **The Court Has Authority To Prescribe A Limited Form Of Notice**

This Court has authority to prescribe the limited notice procedures requested in this Motion to Limit Notice. Bankruptcy Rules 2002 and 9007 authorize this Court to limit the scope and the form of notice provided to creditors and parties in interest. In addition, Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 each allow the Court to direct those parties to whom notice shall be given.

Furthermore, as the Ninth Circuit has explained, "Chapter 11 has two major objectives 1)

to permit successful rehabilitation of debtors and 2) to maximize the value of the estate." In re Bonner Mall Partnership, 2 F.3d 899, 915 (9th Cir. 1993) (citing NLRB v. Bildisco and Bildisco, 465 U.S. 513, 527, 104 S.Ct. 1188, 1196 (1984); Toibb v. Radloff, 111 S.Ct. 2197, 2201, (1991)).

Moreover, according to section 105(a) of the Bankruptcy Code, this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); see also U.S. v. Energy Resources Co., Inc., 495 U.S. 545, 549 (1990) ("These statutory directives are consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority …."). Indeed, the Ninth Circuit recognizes that "a bankruptcy court is a court of equity and should invoke equitable principles and doctrines, refusing to do so only where their application would be 'inconsistent' with the Bankruptcy Code." In re Sasson, 424 F.3d 864, 869 (9th Cir. 2005) (quoting Beaty v. Selinger (In re Beaty), 306 F.3d 914, 922 (9th Cir. 2002)); see also In re Roman, 283 B.R. 1, 13 (B.A.P. 9th Cir. 2002) ("Section 105 provides a bankruptcy court with broad equitable powers ...."); Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1124 (9th Cir. 2000).

According to the strict language of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, creditors of the Debtor are (or may be) entitled to notice of various matters in this Debtor's chapter 11 case. Requiring the Debtor to provide notice and service to all creditors, however, would substantially increase the cost of administering the Debtor's estate without conferring any meaningful benefit.

As is often customary in chapter 11 cases, the Debtor respectfully submits that the adoption of a limited notice and service procedure is appropriate here. Specifically, as set forth above, the Debtor submits that this Court should limit notice to (1) the Office of the United States Trustee; (2) counsel for any official unsecured creditors committee appointed in this chapter 11 case, or until such time as counsel is named, members of the committee, or until such time as a committee is appointed, the creditors appearing on the list of the twenty largest unsecured creditors filed in accordance with Bankruptcy Rule 1007(d); (3) any creditors asserting secured claims; (4) parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002(i); and (5) any party with a specific pecuniary interest in the

-7-

particular motion. Furthermore, the Debtor proposes to serve notice of matters that will be heard on regular notice on the parties listed above by first class mail only. For matters requiring emergency or expedited relief, the Debtor proposes to serve such notice by Express or Overnight Mail, facsimile, personal service, e-mail, or other electronic means (by consent). The Debtor believes that limiting the scope of notice in this manner will avoid the unnecessary administrative burdens and costs of serving notice of all pleadings, but still assure that the interested parties in this case will receive proper and sufficient notice of all matters.

**B.   Notice of This Motion to Limit Notice Complies With This Court's Requirements and is Appropriate**

As required by the Court's Guidelines for First Day Motions, the Debtor has "serve[d] written pleadings on parties or counsel for parties in interest, including the United States Trustee, any committee of creditors or equity security holders established prior or subsequent to the chapter 11 filing or, if none, the twenty largest unsecured creditors and any secured creditor whose collateral includes cash collateral or whose lien(s) might be affected by the relief sought." Guidelines for First Day Motions, ¶ 1. Furthermore, as required by the Court's Guidelines for First Day Motions, this service was "made by facsimile, personal service or other electronic means (by consent) provided, however, that Express or Overnight Mail may be used where a party is unable to notify by facsimile, personal service or other electronic means." Id. at ¶ 2.

Because the Debtor has complied with the applicable notice requirements in the Court's Guidelines for First Day Motions – and based on the existing exigent circumstances – the Debtor respectfully requests that the Court find that no further notice is required for this Motion to Limit Notice.

Upon approval of this Motion to Limit Notice, the Debtor will send to all parties in interest a notice of the granting of this Motion which sets forth information with respect to the impact of the order limiting notice and provides instructions for any parties in interest wishing to request special notice.

**A.   The Court May Grant This Motion to Limit Notice Without A Hearing.**

According to section 102(1)(A) of the Bankruptcy Code, the term "'after notice and a

-8-

1  hearing', or a similar phrase – means after such notice as is appropriate in the particular

2  circumstances, and such opportunity for hearing as is appropriate in the particular circumstances."

3  11 U.S.C. § 102(1)(A).  Section 102(1)(B) of the Bankruptcy Code further specifies that the term

4  "'after notice and a hearing', or a similar phrase … authorizes an act without actual hearing if (i)

5  such notice is given properly and such a hearing is not requested timely by a party in interest; or

6  (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the

7  court authorizes such act."  11 U.S.C. § 102(1)(B).  This Motion to Limit Notice has been

8  noticed, served, and filed in accordance with the Guidelines for First Day Motions.

9       As explained in Guidelines for First Day Motions "the [C]ourt recognizes that certain

10  matters must be addressed immediately after the commencement of a chapter 11 case in order to

11  ensure the least possible disruption to the debtor's ongoing business operations and thereby

12  enhance the chances for success in chapter 11."  Guidelines for First Day Motions, ¶ 1.

13  Furthermore, this Court "reserves discretion to grant or deny a First Day Motion without further

14  hearing unless the Court otherwise directs."  *Id.* at ¶ 7.

15       The expenses associated with having to provide notice of every single pleading to all of

16  the Debtor's creditors places a substantial burden upon the estate without conferring any

17  substantial benefit.  This Motion to Limit Notice seeks to fulfill the objectives of chapter 11:

18  successfully preserving the Debtor's business and maximizing the value of the Debtor's estate.

19  Any undue delay could greatly impact the efficiency at which these objectives are accomplished,

20  or stymie these objectives altogether.   Based on this need for immediate approval, Bankruptcy

21  Code Section 102(1) and the Guidelines for First Day Motions, the Debtor respectfully requests

22  that the Court decide this Motion to Limit Notice without a hearing.

23  **VI.    CONCLUSION**

24       Based on the reasons articulated in this Motion to Limit Notice, the Debtor respectfully

25  requests that this Court enter an order in substantially the form and substance as the attached

26  Exhibit "A" limiting the scope and manner of notice as set forth in this Motion to Limit Notice, and

27  granting such other and further relief as is just and proper under the circumstances.

28

1  Dated: January 18, 2011

2

3

DLA PIPER LLP (US)

By  /s/ Kurt Ramlo
   Kurt Ramlo
   Proposed Attorneys for NexPrise, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
Los Angeles

WEST\222863651.3

-10-

Case No. 11-00742-11
**FIRST DAY MOTION TO LIMIT NOTICE**

# EXHIBIT "A"

**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

KURT RAMLO (Bar No. CA 166856)
BERTRAND PAN (Bar No. CA 233472)
MEREDITH EDELMAN (Bar No. CA 261602)
DLA PIPER LLP (US)
Los Angeles, CA  90071-2678
Tel: 213.330.7700
Fax: 213.330.7701

Proposed Attorneys for NexPrise, Inc., Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
NexPrise, Inc.

Debtor.

BANKRUPTCY NO. 11-00742-11

Date of Hearing:
Time of Hearing:
Name of Judge:    Hon. Louise D. Adler

**ORDER ON** First Day Motion By Debtor For Order Limiting Scope of Notice

        **IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2)

through <u>3</u> with exhibits, if any, for a total of <u>3</u> pages, is granted. Motion/Application Docket Entry No. _____

//
//
//
//

DATED:

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

DLA Piper LLP (US)
 (Firm name)

By: /s/ Kurt Ramlo
      Attorney for ☒ Movant ☐ Respondent

**CSD 1001A**
EAST\44021676.2

American LegalNet, Inc.
www.USCourtForms.com

11    Exhibit "A"

`CSD 1001A` [11/15/04] **(Page 2)**
ORDER ON First Day Motion By Debtor For Order Limiting Scope of Notice
DEBTOR: NEXPRISE, INC.                                         CASE NO: 11-00742-11

---

Upon consideration of the First Day Motion By Debtor For Order Limiting Scope of Notice (the "<u>Motion to Limit Notice</u>") pursuant to sections 102(a) and 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and it appearing that the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1334 and 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Limit Notice having been provided to the United States Trustee, any committee of creditors or equity security holders established prior or subsequent to the chapter 11 filing or, if none, the twenty largest unsecured creditors and any secured creditor whose collateral includes cash collateral or whose lien(s) might be affected by the relief sought, pursuant to the Court's Guidelines for First Day Motions; and the Court having found and determined that the requested relief sought in the Motion to Limit Notice is in the best interests of the Debtor, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion to Limit Notice and in the concurrently filed Declaration of John Lynch Filed In Support Of First Day Motions (the "<u>Lynch Declaration</u>") establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof,

IT IS ORDERED THAT:

1. The Motion to Limit Notice is GRANTED as provided herein;

2. Capitalized terms used, but not otherwise defined, in this Order shall have the meaning ascribed to them in the Motion to Limit Notice.

3. The Debtor is authorized to limit the scope and manner of all notices, motions, or applications with respect to the matters listed below to: (1) the Office of the United States Trustee; (2) counsel for any official unsecured creditors committee appointed in this chapter 11 case, or until such time as counsel is named, members of the committee, or until such time as a committee is appointed, the creditors appearing on the list of the twenty largest unsecured creditors filed in accordance with Bankruptcy Rule 1007(d); (3) any creditors asserting secured claims; (4) parties that file with the Court and serve upon the Debtor request for notice of all matters in accordance with Bankruptcy Rule 2002(i); (5) U.S. Bank, N.A. as Trustee for 6% Convertible Subordinated Notes Due 2007 and its counsel; (6) Trubiquity, Inc. and its counsel; and (7) any party with a specific pecuniary interest of which the Debtor is aware with respect to a particular filing;

   a) any proposed use, sale or lease of property of the estate other than in the ordinary course of business pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004;

   b) any proposed assumption, rejection, or assumption and assignment of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code or Bankruptcy Rule 6006(a) or (c);

   c) any proposed extension of the Debtor's exclusive time to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement) pursuant to section 1121 of the Bankruptcy Code or Bankruptcy Rule 3016;

   d) any proposed approval or compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019;

   e) any proposed abandonment or disposition of property of the estate and the hearing, if any, thereon, pursuant to section 554 of the Bankruptcy Code or Bankruptcy Rule 6007(a) or (c);

   f) any proposed modification of the automatic stay pursuant to section 362 of the Bankruptcy Code or Bankruptcy Rules 4001(a) or 9014;

   g) any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001 (a);

   h) any proposal to obtain credit on a secured basis or out of the ordinary course of business or grant a lien pursuant to section 364 of the Bankruptcy Code or Bankruptcy Rule 4001(b) or (c);

American LegalNet, Inc.
www.USCourtForms.com

`CSD 1001A`
EAST\44021676.2
                                            12                              Exhibit "A"

`CSD 1001A` [11/15/04] **(Page 3)**

    i)     any proposed agreement relating to relief from the automatic stay, prohibiting or conditioning the use, sale or lease of property, providing adequate protection, use of cash collateral and obtaining credit pursuant to sections 361, 362, 363, or 364 of the Bankruptcy Code or Bankruptcy Rule 4001(d);

    j)     any proposed application for employment of professionals pursuant to sections 327,1103, and/or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

    k)     any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code or Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005 and compensation to debtors' insiders pursuant to Local Bankruptcy Rule 4002-2;

    l)     any verified statement filed by any entity or committee (other than those appointed pursuant to section 1102 and 1104 of the Bankruptcy Code) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

    m)     any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rule 3012;

    n)     any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

    o)     any proposed valuation of security pursuant to section 506 of the Bankruptcy Code or Bankruptcy Rule 3012;

    p)     any proposed redemption of property from lien or sale pursuant to Bankruptcy Rule 6008; and

    q)     any hearing on any contested matter in this case that requires notice to creditors pursuant to the Bankruptcy Code, Bankruptcy Rule 9014 or the Local Rules.

4. The Debtor is further authorized to serve notice of matters that will be heard on regular notice on the parties listed above by first class mail only. For matters requiring emergency or expedited relief, the Debtor is authorized to serve such notice by Express or Overnight Mail, facsimile, personal service, e-mail, or other electronic means (by consent).

5. The limited notice discussed above is sufficient to ensure that interested parties will receive proper and sufficient notice of all matters.

6. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

7. Any party in interest may file a motion to modify this Order within thirty (30) days of the entry of this Order, unless otherwise directed by this Court, and such motion for modification shall be given expedited consideration.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

IT IS SO ORDERED.

American LegalNet, Inc.
www.USCourtForms.com