Tanya L. Jackson (Bar No. CA 267975)
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Tel:  (213) 680-8400
Fax:  (213) 680-8500
tanya.jackson@kirkland.com

- and -

Brian S. Lennon (admitted pro hac vice)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York  10022-4611
Tel:  (212) 446-4800
Fax:  (212) 446-4640
brian.lennon@kirkland.com

Attorneys for Trubiquity, Inc.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NEXPRISE, INC., a Delaware corporation,<br><br>Debtor and Debtor in Possession.<br><br>Tax ID # 77-0465496 | Case No. 11-00742-LA11<br><br>Chapter 11<br><br>**AFFIDAVIT OF MAUREEN HUBER IN SUPPORT OF DEBTOR'S SALE OF DEBTOR'S ASSETS UNDER ASSET PURCHASE AGREEMENT**<br><br>**Hearing Date:  April 7, 2011**<br>**Hearing Time:  2:30 p.m. (Pacific Time)**<br>**Ctrm:  Department 2, Room 118**<br>**325 W. F Street**<br>**San Diego, CA  92101** |

I, Maureen Huber, depose and say under the penalty of perjury:

1.        I am over the age of 18 and am competent to testify.  I am the Chief Financial Officer of Trubiquity, Inc. ("Trubiquity").  In my capacity as Chief Financial Officer of Trubiquity, I am generally familiar with Trubiquity's business, day-to-day operations, and financial affairs.  I have also played an active role in the negotiation of that certain Asset Purchase Agreement dated January 17,

2011 by and between NexPrise, Inc. ("<u>NexPrise</u>" or the "<u>Debtor</u>") and Trubiquity (the "<u>APA</u>") and I am familiar with the terms contained therein.

2.    I respectfully submit this affidavit (this "<u>Affidavit</u>") in support of the sale of substantially all of the Debtor's assets pursuant to section 363 of the Bankruptcy Code (the "<u>Proposed Sale</u>") and as evidence that: (a) Trubiquity has demonstrated adequate assurance of its future performance to counter parties under the relevant Purchased Contracts (as defined in the APA) within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>"); and (b) Trubiquity is entering into the APA in good faith, is a good faith buyer, and has otherwise proceeded in good faith in all respects in connection with the sale and this proceeding.

3.    Unless otherwise stated, all facts and statements set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, information provided to me or verified by Trubiquity or Trubiquity's other professional advisors and/or my opinion based upon my knowledge of Trubiquity generally.  I am authorized to submit this Affidavit on behalf of Trubiquity, and if called to testify, I would testify competently to the facts set forth herein.

**<u>Adequate Assurance of Future Performance</u>**

4.    Trubiquity is a leading provider of global software and solutions for the management, integration, and automation of data flow between its customers and their partners.  In accordance with the Bidding Procedures, Trubiquity has provided proof to the Debtor of "its financial capacity to close a proposed transaction, including, without limitation, the financial wherewithal to pay a minimum of $2,400,000.00."  On March 11, 2011, Tribiquity funded an escrow account with a deposit in the amount of $200,000.00 in accordance with the Bidding Procedures.

5.    As I understand, an assignee of an assumed executory contract must provide adequate assurance to the contract counterparty of its future performance under that contract.  Trubiquity believes that it will have sufficient cash from operations to provide such adequate assurance of its

future performance to counterparties under the Assumed Contracts (as defined in the APA).  I am not aware of any party that has objected to Trubiquity's ability to provide such adequate assurance.

**Good Faith Purchaser**

6.    With respect to its request that the Bankruptcy Court find that Trubiquity is a good faith purchaser, the Debtor have submitted declarations that demonstrate that Trubiquity negotiated with the Debtor and its professionals in good faith and at arm's length (Dkt. Nos. 18 and 108).

7.    Between August and November 2010, during NexPrise's extensive marketing efforts to sell substantially all of its assets, NexPrise reached out to Trubiquity and gave presentations on the company relating to financial performance, business operating activities and the technical details involved in an acquisition of the assets of NexPrise.  After a series of these presentations, Trubiquity expressed interest in purchasing substantially all of NexPrise's assets and following extensive negotiations, on November 4, 2010, Trubiquity provided to NexPrise a letter of intent, pursuant to which Trubiquity offered to purchase substantially all of NexPrise's assets.  After further negotiations involving their respective counsel, on January 17, 2011, Trubiquity and the Debtor executed the APA.

8.    Pursuant to the APA, Trubiquity agreed to pay $2.0 million and to assume certain liabilities (as set forth in the APA), subject to higher, or otherwise better offers, and certain bid protections, as provided in the APA and Bidding Procedures.

9.    The provisions under the APA are the product of significant, hard-fought, arms' length negotiations between the Debtor and Trubiquity.  In addition, to resolve objections to the Bidding Procedures Order, Trubiquity made a number of concessions to the Creditors' Committee and U.S. Bank National Association as Indenture Trustee under that certain Indenture dated as of April 1, 2000, by and between Ventro Corporation (n/k/a NexPrise) and State Street Bank and Trust Company, as amended and supplemented.

10.    To the best of my knowledge, Trubiquity is not affiliated in any way with the Debtor or its non-debtor affiliated entities.  Trubiquity is not affiliated in any way with the Debtor's secured creditors or any of the other professionals advising the Debtor (although from time to time, Trubiquity

or its affiliates either has negotiated with or has been advised by many of those various professionals in unrelated matters).  In addition, Trubiquity is not a creditor or a contract counterparty of the Debtor.

11.     Trubiquity has acted in good faith respect to executing the APA and with respect to this Proposed Sale otherwise.  Trubiquity has made its offer only on its own behalf, and not in concert with any other bidder or third party.  Trubiquity has not entered into any agreement or other arrangement with any other potential bidder that controlled the sales price for the assets.

12.     I am not aware of any allegation that would suggest that Trubiquity has not proceeded in good faith in negotiating the APA.

[Remainder of Page Intentionally Left Blank]

13.    Lastly, Trubiquity will not be employing NexPrise's Chief Executive Officer and President, John Lynch, or any current director of NexPrise, and Trubiquity has not offered compensation to any NexPrise officer, director, agent or employee in connection with Trubiquity's acquisition of the assets of NexPrise.  Indeed, at all times, Trubiquity has negotiated with the Debtor at arms' length.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

April 5, 2011

By:    _Maureen Huber_
       Maureen Huber
       Chief Financial Officer
       Trubiquity, Inc.

Subscribed and sworn to (or affirmed) before me on this 5th day of April 2011, by Maureen Huber, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:    _Jared M. Lawt_

JARED N. LAWTON
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Nov 2, 2012
ACTING IN COUNTY OF OAKLAND

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2011, the **AFFIDAVIT OF MAUREEN HUBER IN SUPPORT OF DEBTOR'S SALE OF DEBTOR'S ASSETS UNDER ASSET PURCHASE AGREEMENT** was filed electronically with the Clerk of the Court by using the CM/ECF system, which will automatically send an e-mail notification of such filings to the attorneys of record listed below who are registered CM/ECF users:

- Michael D. Breslauer     mbreslauer@swsslaw.com, wyones@swsslaw.com
- David A. Ortiz     david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV, shannon.m.vencill@usdoj.gov, tiffany.l.carroll@usdoj.gov
- David L. Osias     DOsias@allenmatkins.com, bcrfilings@allenmatkins.com, dosias@allenmatkins.com
- Kurt Ramlo     kurt.ramlo@dlapiper.com
- United States Trustee     ustp.region15@usdoj.gov

Executed on April 6, 2011 at Los Angeles, California.

/s/ R. Alexander Pilmer
R. Alexander Pilmer
Attorneys for the Creditor, Trubiquity, Inc.